UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY WINSTON HALL,

                Plaintiff,

-v.-

SELECT PORTFOLIO SERVICING INC., et al.,

                Defendants.

24 Civ. 2210 (JHR) (SN)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

JENNIFER H. REARDEN, District Judge:

      Plaintiff Anthony Winston Hall, acting *pro se*, brings this action concerning a mortgage foreclosure sale against Select Portfolio Servicing Inc., its Chief Financial Officer Justin Crowley, and other unknown agents, successors and assignees. Before the Court is the Report and Recommendation of Magistrate Judge Sarah Netburn recommending that Defendants' motion to dismiss be granted with prejudice. ECF No. 35 at 19. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Netburn's recommendation.

## BACKGROUND[1]

      Plaintiff commenced this action on March 21, 2024, alleging that Defendants, which serviced his mortgage, had violated "The Federal Reserve Act, The Bill of Exchange Act, the Truth in Lending Act, Public Law 73-10, Title 15 USC 1601-1692, Title 12 USC 1431, The Trademark Act, Copyright Infringement, The Fifth Amendment Takings Law, Uniform Commercial Code, [and] The Sherman Act." ECF No. 1 (Compl.) at 4. Both named Defendants

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 35.

were served on April 23, 2024.  ECF Nos. 9, 10.  The case was assigned to this Court on April 25, 2024.  The Court referred the case to Judge Netburn for general pretrial purposes and for a Report and Recommendation on dispositive motions.  ECF No. 12.  Defendants Select Portfolio Servicing Inc. and Crowley appeared on May 6, 2024, ECF No. 14.

On June 7, 2024, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 20 at 5.  Judge Netburn issued an order directing Plaintiff to "either file an opposition to the Defendants' motion to dismiss or file an amended complaint" by July 8, 2024.  ECF No. 23 at 1.  Plaintiff failed to do so.  On July 11, 2024, Plaintiff filed a motion to suppress and a motion for summary judgment.  ECF No. 26.  On July 15, 2024, Judge Netburn extended *sua sponte* to July 19, 2024 Plaintiff's deadline to respond to Defendants' motion to dismiss.  ECF No. 24.  In her Report and Recommendation, Judge Netburn stated that "the Court and Defendants have interpreted [Plaintiff's motion to suppress and motion for summary judgment] as an opposition to Defendants' motion to dismiss." ECF No. 35 at 4.  On July 16, 2024, Defendants requested an extension of time to file a reply brief in further support of their motion, ECF No. 25, which Judge Netburn granted on July 18, 2024, ECF No. 27.  On August 5, 2024, Defendants filed their reply brief.  ECF No. 30.

On January 14, 2025, Judge Netburn issued a 19-page Report and Recommendation recommending that the Court grant Defendants' motion and dismiss Plaintiff's Complaint in its entirety with prejudice.  ECF No. 35 at 19.  The Report and Recommendation notified the parties that they had "14 days . . . to file written objections." *Id*.  The Report and Recommendation also cautioned that "failure to file timely objections w[ould] waive those objections for purposes of appeal." *Id.*  No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Notwithstanding a direct warning that a failure to file objections would "waive those objections for purposes of appeal," ECF No. 35 at 19, Plaintiff did not file any objections to the Report and Recommendation. Thus, Plaintiff waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is well reasoned and grounded in fact and law.

For the foregoing reasons, the Court dismisses this action with prejudice. The Clerk of the Court is directed to close the case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 31, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge
